﻿Citation Nr: AXXXXXXXX
Decision Date: 02/22/19 Archive Date: 02/21/19

DOCKET NO. 180824-642
DATE: February 22, 2019

REMANDED

Entitlement to an effective date prior to June 16, 2014 for the grant of service connection for right C7 cervical radiculopathy is remanded.

Entitlement to an effective date prior to June 16, 2014 for the grant of service connection for left C7 cervical radiculopathy is remanded.

Entitlement to an effective date prior to June 16, 2014 for the grant of service connection for right lower extremity sciatic radiculitis is remanded.

Entitlement to an effective date prior to June 16, 2014 for the grant of service connection for left lower extremity sciatic radiculitis is remanded.

Entitlement to an effective date prior to June 16, 2014 for the grant of a 20 percent disability rating for thoracic spine degenerative disc disease is remanded.

Entitlement to an effective date prior to June 16, 2014 for the grant of a 70 percent disability rating for primary insomnia is remanded.

Entitlement to an effective date prior to June 16, 2014 for the grant of a 20 percent disability rating for cervical strain is remanded.

Entitlement to a compensable disability rating for right restless leg syndrome is remanded.

Entitlement to a compensable disability rating for left restless leg syndrome is remanded.

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran, who is the Appellant in this case, had active service from November 1990 to February 1991, and from January 1992 to October 2011. 

This case’s procedural history is relevant to the issues on appeal and to the reasons for remand. In January 2012, a rating decision was issued that granted service connection for a cervical strain, thoracic spine disability, insomnia, and bilateral restless leg syndrome, among other disabilities. The Veteran filed a timely notice of disagreement (NOD) with regard to the initial ratings assigned for the above disabilities. An April 14, 2014 statement of the case (SOC) continued the assigned ratings. 

On June 16, 2014, VA received a VA Form 9 from the Veteran, requesting a hearing before the Board. However, the RO apparently deemed the VA Form 9 untimely, as it was received more than 60 days after the issuance of the SOC and more than one year after issuance of the January 2012 rating decision. 

However, the RO interpreted the untimely June 2014 VA Form 9 as a claim for increased ratings, and issued a May 2016 rating decision granting increased ratings for the service-connected cervical strain, thoracic spine disability, and insomnia, granting 10 percent disability ratings for bilateral restless leg syndrome with bilateral lower extremity sciatic radiculitis, and granting separate ratings for bilateral C7 cervical spine radiculopathy. The effective date of the increased ratings and grant of service connection was June 16, 2014, the date the VA Form 9 was received. 

In June 2016, the Veteran sent a letter withdrawing his June 2014 substantive appeal as to the initial ratings assigned in the January 2012 rating decision and cancelling his request for a Board hearing, stating that he was satisfied with the ratings assigned in the May 2016 rating decision.

However, in July 2016, he filed a timely NOD with the May 2016 rating decision as to the effective dates assigned for the increased ratings for the thoracic and cervical spine disabilities, insomnia, and bilateral restless leg syndromes, as well as the effective date for the grant of service connection for bilateral C7 cervical radiculopathy. 

Then, in April 2018, he submitted a RAMP election form, selecting the Higher-Level Review lane. The RO issued an August 2018 RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The August 2018 RAMP rating decision denied earlier effective dates for the grant of service connection for bilateral lower extremity sciatic radiculitis and bilateral C7 cervical radiculopathy; denied earlier effective dates for the grant of increased ratings for insomnia, cervical strain, and the thoracic spine disability; and, separating the bilateral restless leg syndrome from the bilateral lower extremity sciatic radiculitis, which had previously been combined, denied compensable disability ratings for bilateral restless leg syndrome. However, the rating decision also proposed to change the effective dates for both the grants of service connection and the grants of increased ratings for these disabilities to various dates in 2015 and 2016, when the medical evidence first demonstrated increases in severity of the service-connected disabilities. The August 2018 rating decision found clear and unmistakable error (CUE) in the May 2016 rating decision’s interpretation of the June 2014 VA Form 9 as a claim for an increased rating because, according to the RO, the disabilities had been on appeal and were continuously prosecuted since 2012, even though, in 2014, the RO had found that the VA Form 9 was untimely and therefore cancelled the appeal as to the initial ratings assigned. 

The effective dates proposed in the August 2018 RAMP rating decision have not been implemented. The Board finds that the issues on appeal are inextricably intertwined with the changes proposed in that rating decision, and are therefore not ripe for adjudication by the Board. 

The matters are REMANDED for the following action:

The RO should adjudicate the proposed changes in effective dates outlined in the August 2018 rating decision. 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD T. Sherrard, Counsel